By the Court.—Sedgwick, J.
The rights of the plaintiff rested upon the contract that was made when he bought the ticket. The benefits he gained as to times and trains, and the journey, were then settled and fixed, and the limitations of his rights were then settled and fixed.
If the whole of plaintiff’s rights were signified by what was on the ticket, he had a right to nothing but a continuous trip from New York to Rochester, and the ticket was not an evidence of his right to take up another trip without paying fare after he had stopped at an intermediate station. The alternative would be that he had a right to go from New York to Rochester by breaking his general passage into as many trips as he chose. This seems to me so clear that it is not necessary to cite cases to support it.
The fact that the plaintiff was left in possession of the ticket after it had been examined by the former conductor a short time before his stopping at Binghamton, could not give any new right. That conductor did not know that the plaintiff meant to break his journey, and leaving the ticket with plaintiff was but leaving a voucher of a right to proceed on a continuous passage if the plaintiff chose to use the ticket in that way.
But the whole of the contract was not manifested by the contents of the ticket, and we will suppose that the plaintiff, when buying his ticket, had in view a right to stop upon his ticket and resume his journey. The plaintiff must have known that a right to a passage of the kind he wanted, must have some limitations. The plaintiff knew that the ticket gave a right to go upon some trains only, running at certain times only, and not upon all trains at all times.
When the ticket was bought the plaintiff did not ask for a ticket which would give the privilege he *133 claimed in this action, nor did the seller represent that the ticket would give such a privilege. The case is left, then, that the plaintiff made a contract for a passage with limitations which he knew existed, but were not expressed, and which, although he did not know their specific character, he did not ask to be expressed. Furthermore, he must have known that these limitations were such as the defendant had made by its rules.
In the present case the rules were reasonable, and did not take from passengers any right they would have by common law, to demand that the defendant should carry them. It is not a case where the carrier seeks to limit, by rule or notice, any common-law liability for breach of duty as common carrier. The defendant’s rights are based upon the contract itself, voluntarily made by plaintiff, and the rules are adduced to show what the contract'was.
The plaintiff swore he did not know the nature of the rules, and consequently of the restrictions. Did that ignorance alter the contract, or result in the restrictions not being a part of the contract ? „
If the regulations had not been put in proof, there would have been no evidence that the defendant ever agreed to carry the plaintiff, after he had stopped at Binghamton, on a new journey from Binghamton to Rochester, without paying fare. And the rules contained only the restriction that if he wished to stop, he should procure from the conductor a new ticket without further payment.
On general principles, equity does not find a ground for annulling contracts, because the party was ignorant of the particulars of the agreement into which he intentionally entered. Mere ignorance of the exact stipulation does not show that if he had known he would not have contracted. Upon the stipulations being disclosed, if they are not extraordinary, he *134 could not show that if he had known them, he would not have assented to them. The substantial fact would be that he voluntarily assented to the contract, limited by all reasonable, although undisclosed exceptions that were lawful. And whether these exceptions were a or 5, it would not be a material inducement to the contract that they were the one instead of the other, or instead of being both.
But if the contract might have been avoided in the first instance, if the party enters upon its enjoyment and claims any part of its advantages, then all parts of the contract, unmodified, are in force.
In the present instance, the-rules gave the plaintiff all he wished as to stopping. He was conscious that he did not know the exact rule, but did not ask for information as to it. In substance, because he was ignorant of the reasonable form in which the defendant had given him the privilege, he claimed a right to exercise that privilege in a form devised by himself.
I am therefore of opinion that there was error in charging that the plaintiff could recover, unless, in fact, he"had notice of the regulations.
It is unnecessary to examine the other exceptions, as the one discussed is of main importance.
Judgment reversed. Hew trial ordered, with costs to appellant to abide event.
Sanford, J., concurred.